UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-22459-CIV-LENARD

MINDY HUANG,

    Plaintiff,

vs.

RACETRAC PETROLEUM, INC.,

    Defendant.

_____/

FILED by _____ D.C.

MAR 17 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## THE COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

    I will now explain to you the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions – what we call your deliberations.



In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - that is, the testimony of the witnesses and the exhibits I have admitted in the record - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Now, in saying that you must *consider* all of the evidence, I do not mean that you *accept* all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

In this case it is the responsibility of the Plaintiff to prove every essential part of the Plaintiff's claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiffs's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

The Parties have agreed that the following facts are true:

> The Plaintiff, Mindy Huang, worked for RaceTrac from October 2001 until July 2003.
>
> Ms. Huang began her employment with RaceTrac at RaceTrac Store #567.
>
> While working at RaceTrac Store #567, Ms. Huang was paid $9.80 per hour.
>
> During the time Ms. Huang worked at RaceTrac Store #567, the Store Manager was Ms. Keisha Everett.
>
> On June 17, 2002, Ms. Huang was promoted to the position of "Co-manager" and was transferred to RaceTrac Store #261.
>
> With her promotion to Co-manager, Ms. Huang's hourly rate of pay increased to $11.38 per hour.
>
> When Ms. Huang was transferred to RaceTrac Store #261 as Co-manager, the Store Manager at RaceTrac Store #261 was Ms. Sandra Abaunza.
>
> Ms. Abaunza left RaceTrac in April 2003.
>
> During her employment with RaceTrac, Ms. Huang was responsible for completing Employee Sign In/Out Sheets by signing in the time she began work and signing out the time she ended work, to the nearest minute.
>
> Ms. Huang completed the daily Sign In/Out Sheet by hand.
>
> During the time of Ms. Huang's employment, RaceTrac had a Policy and Procedures Manual that explained RaceTrac's overtime policy.
>
> Ms. Huang was paid for all hours reflected on her Employee Sign In/Out Sheets.
>
> During the time of Ms. Huang's employment with RaceTrac, RaceTrac was an enterprise engaged in commerce or in the production of goods for commerce.

This case arises under the Fair Labor Standards Act, the federal law that provides for the payment of time-and-a-half overtime pay. The Plaintiff claims that the Defendant did not pay the Plaintiff overtime pay required by law.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

*First:* That the Plaintiff was employed by the Defendant during the time period involved;

*Second:* That the Plaintiff was employed by an enterprise engaged in commerce or in the production of goods for commerce; and

*Third:* That the Defendant failed to pay the Plaintiff the overtime pay required by law.

The Parties have stipulated or agreed to the first and second facts – that the Plaintiff was employed by the Defendant, an enterprise engaged in commerce or in the production of goods for commerce – and you should consider those facts as established.

The Act requires an employer to pay its employees at a rate of at least one and one-half time their regular rate for time worked in any one work week over 40 hours. This is commonly known as time-and-a-half pay for "overtime" work.

The employee's "regular rate" during a particular week is the basis for calculating any overtime pay due to the employee for that week. The "regular rate" for a week is determined by dividing the first 40 hours worked into the total wages paid for those 40 hours. The overtime rate, then, would be one and one-half of that rate and would be owing for each hour in excess of 40 hours worked during the work week.

If, upon consideration of all the evidence, you find that the Plaintiff has failed to prove the Plaintiff's claim, your verdict should be for the Defendant.

If, however, you find that the Plaintiff has proved the claim, then you must turn to the question of damages which the Plaintiff is entitled to recover.

The measure of damages is the difference between what the Plaintiff should have been paid under the Act and the amount that you find the Plaintiff actually was paid.

The term *"employ"* is defined as *"to suffer or permit to work."* Work not requested but suffered or permitted is work time. The reason an employee continues to work beyond her shift is immaterial. If the employer knows or has reason to believe that the employee continues to work, the additional hours must be counted. In all such cases it is the duty of management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so.

In reviewing the extent of an employer's awareness, one need only inquire whether the circumstances were such that the employer either had knowledge of overtime hours worked, or else had the opportunity through reasonable diligence to acquire knowledge.

Under the Fair Labor Standards Act, an employee's rights cannot be waived by the employee.

In addition to proving that Plaintiff worked overtime hours and was not compensated, Plaintiff must also prove that the Defendant had knowledge, or should have had knowledge, of Plaintiff's overtime hours.

In this case you have been permitted to take notes during the course of the trial, and most of you - perhaps all of you - have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory. In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court. A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the U.S. Marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.