FILED by MC D.C.
ELECTRONIC

Mar 21 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 03-22459-CIV-LENARD

MINDY HUANG,

    Plaintiff,

vs.

RACETRAC PETROLEUM, INC.,
a foreign corporation,

    Defendant.
_____/

### DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO LIQUIDATE DAMAGES

Defendant, RaceTrac Petroleum, Inc. ("RaceTrac"), by and through its undersigned counsel, files its memorandum of law in opposition to Plaintiff's, Mindy Huang ("Plaintiff"), Motion to Liquidate Damages, and states:

### Standard for Liquidated Damages

Section 11 of the Portal-to-Portal Act provides a good faith defense to an employer against the imposition of liquidated damages under the Fair Labor Standards Act ("FLSA"). Specifically, Section 11 of the Portal-to-Portal Act states:

> In any action . . . to recover . . . unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938 as amended, if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act . . ., the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in <u>section 216</u> of the [Fair Labor Standards Act].

29 U.S.C. § 260.

1

RUDEN, McCLOSKY, SMITH, SCHUSTER & RUSSELL, P.A.

What constitutes good faith on the part of the employer and whether the employer had reasonable grounds for believing that its act or omission was not a violation of the FLSA are mixed questions of fact and law. 29 C.F.R. § 790.22(c). The test has both a subjective and an objective component. Dybach v. State of Florida Dept. of Corrections, 942 F.2d 1562, 1566 (11th Cir. 1991). To satisfy the subjective component, the employer must show that it had an honest intention to ascertain what the FLSA requires and to act in accordance with it. Id.

An employer can avoid liability for liquidated damages when it demonstrates that any violation of the FLSA was in "good faith and predicated upon such reasonable grounds that it would be unfair to impose upon [it] more than a compensatory verdict." Joiner v. City of Macon, 814 F.2d 1537, 1539 (11th Cir. 1987), quoting Reeves v. Intern'l Tel. & Tel. Corp., 616 F.2d 1342, 1352-53 (5th Cir. 1980), cert. denied, 449 U.S. 1007 (1981), quoting Barcelona v. Tiffany English Pub., Inc., 597 F.2d 464, 468 (5th Cir. 1979). Once the employer demonstrates its good faith, the Court has the discretion not to award liquidated damages. Id.

### RaceTrac Acted in Good Faith

The undisputed testimony and documentary evidence presented at the trial of this matter establish that all actions taken by RaceTrac's corporate office related to payment of overtime compensation to Plaintiff were done in good faith, with an honest intention that Plaintiff be paid in accordance with the requirements of the FLSA.

To assure compliance with the FLSA, RaceTrac instituted certain procedural safeguards. To that end, Plaintiff was consistently and explicitly instructed to report any discrepancies related to her pay to RaceTrac's corporate office.

For example, on October 10, 2001, at the commencement of Plaintiff's employment, RaceTrac provided Plaintiff with a document entitled "Conditions of Employment" (*see* Joint Exhibit #8) which stated:

> 4. The actual hours worked each week (including all time spent checking on and off the job) are verified by the employee's signature on the payroll check. Discrepancies must be reported to Racetrac Petroleum, Inc., P.O. Box 105035, Atlanta, GA 30348, Attention: Payroll Manager.
>
> . . .
>
> 8. Any demand for wages (statutory or otherwise) must be made in writing directly to Racetrac Petroleum, Inc., P.O. Box 105035, Atlanta, Georgia 30348, Attention: Payroll Manager. A demand made to the Store Manager, Area Supervisor, Regional Manager or Regional Personnel Director shall not constitute a demand upon Racetrac.

Although Plaintiff admitted that she received, read, and signed the "Conditions of Employment," Plaintiff testified that she *never wrote* to the Payroll Manager to report any payroll issues.

Each week for 83 weeks Plaintiff admitted that she received and endorsed her paycheck. Above the endorsement line was the following statement that Plaintiff admitted she read:

> BY ENDORSEMENT HEREON, I CERTIFY THAT NO SHORTAGES HAVE BEEN COLLECTED, EXCEPT AS REFLECTED BY THIS PAYCHECK, AND THAT THE CHECK REPRESENTS THE ACTUAL HOURS, INCLUDING SHIFT CHANGE TIME, I WORKED FOR THE PAYROLL PERIOD. REPORT ANY DISCREPANCIES BY WRITING AUDIT DIVISION, RACETRAC PETROLEUM, INC., P.O. BOX 105035, ATLANTA, GA 30348. ANY SUCH COMMUNICATION WILL BE KEPT IN CONFIDENCE.

Plaintiff admitted that she never wrote to the corporate office as instructed on the back of her paycheck.

Plaintiff also admitted that she received and read a letter provided quarterly to all RaceTrac employees (the "Dear Employee" letter; *see* Joint Exhibit #11) that stated:

> In addition, we want to make sure you are being paid for all the time you have worked during each pay week.  In order to ensure that you are being paid accurately, we encourage you to examine your paycheck each week and verify that all hours you worked are being paid appropriately.
>
> If you believe that your paycheck does not accurately reflect the hours you have worked, please contact Payroll at (800) 388-8035 extension 7023.

There was undisputed testimony at trial that Plaintiff was aware of and utilized the employee hotline number referenced in the "Dear Employee" letter on other occasions for other issues, specifically to complain about her co-workers.  *See* Joint Exhibit #17.  However, Plaintiff admitted that she ***never called the 1-800 number*** to complain about her paycheck or about any overtime owed to her.

Factually similar to this case is the case of <u>Newton v. City of Henderson</u>, 47 F.3d 746 (5th Cir. 1995).  In <u>Newton</u>, the Court determined after a bench trial that the employer did not violate the FLSA.  Although the plaintiff employee in <u>Newton</u> claimed that his immediate supervisor inferred that he should work overtime off the clock, the Court found that the plaintiff had failed to follow the reasonable procedures the employer had in place in order to receive payment for overtime.  The Court acknowledged that the employer had the right to require the employee to adhere to its procedures for claiming overtime.  It was the employee's failure to follow such procedures that led the Court to determine that the employer did not have knowledge of the

4

RUDEN, McCLOSKY, SMITH, SCHUSTER & RUSSELL, P.A.

plaintiff's overtime hours worked and, accordingly, did not violate the FLSA. <u>Newton</u>, 47 F.3d at 749.

Although <u>Newton</u> did not address the question of liquidated damages, the Court's determination that an employer has the right to place reasonable procedural requirements on an employee in order to receive overtime, supports RaceTrac's contention that it acted in good faith. Testimony established that RaceTrac's corporate office wanted to make sure that its employees received payment for <u>every</u> <u>minute</u> that they work. To assure that employees received such payment, as noted above, the corporate office regularly communicated to employees, requesting their assistance in assuring that their paychecks were accurate. Plaintiff's failure to follow the corporate office's reasonable requests mitigates against the imposition of liquidated damages.

Additionally, RaceTrac cannot be charged with lack of good faith when Plaintiff admitted that: 1) she did not record the alleged unpaid time on her time sheet, 2) she knew she would only be paid by the corporate office for the time recorded on her time sheet, and 3) the only information transmitted to the corporate office for processing was the time sheets completed and initialed by Plaintiff and authorized by the Store Manager.

It was only after Plaintiff was terminated from RaceTrac that, for the first time, the corporate office learned, through the filing of this lawsuit, that Plaintiff claimed she was owed overtime compensation. There is simply ***no evidence*** that when Racetrac's corporate office issued Plaintiff her weekly paycheck, Racetrac knew or should have known it was denying Plaintiff any overtime.[1]

---

[1] Although the jury entered a verdict in favor of Plaintiff, it is important to remember that Plaintiff first testified that she was owed $15,399 in unpaid overtime (Joint Exhibit #18), then reduced that number at the eve of trial to $9,982.32 (Joint Exhibit #19). The jury rejected both of those numbers and entered a verdict for only $5,196.96.

5
RUDEN, McCLOSKY, SMITH, SCHUSTER & RUSSELL, P.A.

### Conclusion

RaceTrac's corporate office acted in good faith with an honest intention to assure payment to Plaintiff in accordance with the requirements of the FLSA. It would be unfair to impose liquidated damages upon RaceTrac given the evidence of good faith presented at trial.

Accordingly, RaceTrac respectfully requests that this Court deny Plaintiff's Motion to Liquidate Damages.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via Facsimile to Eddy O. Marban, Esq., The Law Offices of Eddy O. Marban, Attorneys for Plaintiff, Ocean Bank Building, Suite 350, 782 N.W. LeJeune Road, Miami, FL 33126, this 21 day of March, 2005.

Respectfully submitted,

RUDEN, McCLOSKY, SMITH,
SCHUSTER & RUSSELL, P.A.
Attorneys for Defendant
Wachovia Center, 15th Floor
200 East Broward Boulevard (33301)
Post Office Box 1900
Fort Lauderdale, Florida 33302
Telephone: (954) 761-2914; Fax: (954) 333-4114

By: _____
Paul B. Ranis
Florida Bar No. 0064408
paul.ranis@ruden.com
Linda K. Davis
Florida Bar No. 0299420
lindak.davis@ruden.com