FILED by ___ D.C.
ELECTRONIC

May 11 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 03-22459-CIV-LENARD/SIMONTON

MINDY HUANG,

        Plaintiff,

vs.

RACETRAC PETROLEUM, INC.,
a foreign corporation,

        Defendant.
_____/

### DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S VERIFIED MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS

Defendant, RaceTrac Petroleum, Inc. ("RaceTrac"), by and through its undersigned counsel, files its memorandum of law in opposition to Plaintiff, Mindy Huang's ("Plaintiff"), Verified Motion for Award of Attorneys' Fees and Costs, and states:

#### Entitlement

RaceTrac acknowledges that Plaintiff is the prevailing party in this FLSA litigation and is entitled to an award of attorneys' fees and costs. As set forth below, RaceTrac solely challenges the total amount of attorneys' fees and costs being sought by Plaintiff.

#### Amount of Hours

Plaintiff's counsel is a sole practitioner who prosecutes numerous employment cases. RaceTrac does not challenge the number of hours sought by Plaintiff's counsel in this litigation. RaceTrac acknowledges the number of hours expended by Plaintiff's counsel in this FLSA lawsuit is reasonable.

1
RUDEN, McCLOSKY, SMITH, SCHUSTER & RUSSELL, P.A.

### Determination of Hourly Rate

In determining the attorneys' fee award and the rate to use, the court is "itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). This Court is "empowered to exercise discretion in determining whether an award is to be made and if so its reasonableness." *Cuellens v. Georgia Dept. of Transp.*, 29 F.3d 1489, 1492-93 (11th Cir. 1994).

### Plaintiff's Hourly Rate is Excessive

RaceTrac does challenge the hourly rate sought by Plaintiff's counsel as being excessive. As set forth in Plaintiff's motion, the prevailing rate for counsel who handle FLSA cases range from $225 to $350 per hour. In this case, Plaintiff's counsel unreasonably seeks an hourly rate of **$325 per hour**, even though this case was a simple one-count complaint for unpaid overtime, in which the plaintiff alleged a failure by RaceTrac to pay "off the clock" overtime. There was nothing complex about the case. There was no motion to certify a collective action. There were only a handful of depositions. The entire case rested on the credibility of the witnesses, including the Plaintiff, as to whether she worked uncompensated overtime hours.

As set forth by the Court, in its January 14, 2005 Order, the only issue was "whether Plaintiff worked uncompensated overtime hours and as to whether Defendant possessed actual or constructive knowledge as to this overtime." *See* Order Denying Motions for Summary Judgment, p. 13.

It is noteworthy that although the jury entered a verdict in favor of Plaintiff, it is important to remember that Plaintiff first testified that she was owed $15,399 in unpaid overtime

(Joint Exhibit #18), then reduced that number at the eve of trial to $9,982.32 (Joint Exhibit #19). The jury rejected both of those numbers and entered a verdict against RaceTrac for only $5,196.96.

Based on the foregoing, RaceTrac submits that this Court exercise its discretion and properly award Plaintiff's counsel the rate of **$225 per hour**, which is the hourly rate recently awarded to Plaintiff's counsel in the decision of *Rafael Lavin v. First Trucking USA, Inc., et al.*, Case No. 03-22692-Civ-Cohn/Snow. *See* Exhibit "A," attached hereto.

### Certain Costs Sought by Plaintiff are Not Proper

Recoverable costs in federal courts are mandated by statute. 28 U.S.C. § 1920; 28 U.S.C. § 1821. Taxable costs include:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Costs related to the appearance of witnesses are delineated in and governed by 28 U.S.C. Section 1821.

Therefore, unless the specific costs Plaintiff seeks are included within the above statutes, they are not recoverable and should be denied.

3
RUDEN, McCLOSKY, SMITH, SCHUSTER & RUSSELL, P.A.

### Mediation Costs

Mediation costs have been determined to be non-taxable under 28 U.S.C. § 1920. *George v. GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1300 (M.D. Fla. 2000). Therefore, this Court should deny Plaintiff's request for $375.00 in mediation costs.

### Messenger and Parking Costs

Plaintiff seeks $97.00 in messenger service and parking costs. These costs for courier and/or messenger services are not recoverable under rule 28 U.S.C. § 1821 nor under 28 U.S.C § 1920. "The statutory provision does not provide for the taxation of messenger service, postage, parking …" *Avirgan v. Hull*, 705 F. Supp. 1544, 1546 (S. D. Fla. 1989). Therefore, these costs should be denied.

### Trial Blowups

Plaintiff also seeks reimbursement in the amount of $272.85 for three (3) trial blowups. These costs should be disallowed as they are not a taxable cost with statutory authorization. *United States Equal Employment Opportunity Commission v. W & O, Inc.*, 213 F.3d 600, 622 (11th Cir. 2000).

RaceTrac does not challenge the remaining costs submitted by the Plaintiff.

### Conclusion

Respectfully, this Court should exercise its discretion and award Plaintiff attorneys' fees based on the hourly rate of $225 per hour and pursuant to 28 U.S.C. § 1920 reduce Plaintiff's costs by $744.85.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via Facsimile to Eddy O. Marban, Esq., The Law Offices of Eddy O. Marban, Attorneys for Plaintiff, Ocean Bank Building, Suite 350, 782 N.W. LeJeune Road, Miami, FL 33126, this 11th day of May, 2005.

        Respectfully submitted,

        RUDEN, McCLOSKY, SMITH,
        SCHUSTER & RUSSELL, P.A.
        Attorneys for Defendant
        Wachovia Center, 15th Floor
        200 East Broward Boulevard (33301)
        Post Office Box 1900
        Fort Lauderdale, Florida 33302
        Telephone: (954) 761-2914; Fax: (954) 333-4114

By: _____
        Paul B. Ranis
        Florida Bar No. 0064408
        paul.ranis@ruden.com
        Linda K. Davis
        Florida Bar No. 0299420
        lindak.davis@ruden.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 03-22692-CIV-COHN/SNOW

RAFAEL LAVIN,

    Plaintiff,

vs.

FIRST TRUCKING U.S.A., INC.,
a Florida corporation and
RAMON F. GONZALEZ, individually,

    Defendants.
_____/

FILED by CM D.C.
APR 28 2004
CLARENCE MADDOX
CLERK U.S. DIST. CT
S.D. OF FLA. FT LAUD

CLOSED CIVIL CASE

### ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGMENT AND GRANTING IN PART PLAINTIFF'S VERIFIED MOTION FOR AWARD OF ATTORNEY'S FEES AND REASONABLE COSTS

THIS CAUSE came before the Court upon Plaintiff's Motion For Default Final Judgment [DE #10] and Plaintiff's Verified Motion For Award of Attorney's Fees and Reasonable Costs of Litigation With Incorporated Memorandum Of Law [DE #11]. Having reviewed the pleadings, accompanying affidavits, and entire file in this case, the Court finds as follows:

### I. BACKGROUND

Plaintiff commenced this action on October 8, 2003 to recover money damages for unpaid minimum wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et. seq., specifically under the provisions of 29 U.S.C. § 206. On January 6, 2004, the Clerk entered default against the Defendant for failure to appear, answer, or otherwise plead to the complaint [DE #8]. Plaintiff has consequently moved for default final judgment [DE #10] and for an award of attorney's fees and reasonable



EXHIBIT "A"

costs [DE #11].

## II. ATTORNEY'S FEES

### A. Statutory Entitlement to Fees

Section 216(b) of the FLSA provides that in an action brought under the provisions of section 206, the Court shall "in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Pursuant to this provision, Plaintiff seeks to recover $2,925.00 in attorney's fees.

### B. Calculation of Attorney's Fees

A reasonable award for attorney's fees is calculated using the lodestar method, which requires the court to multiply the reasonable hours expended by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th 1988); *Cuban Museum of Arts & Culture, Inc. v. City of Miami*, 771 F. Supp. 1190, 1191 (S.D. Fla. 1991). The court must then consider whether this amount should be adjusted based on partial or exceptional success. *Norman*, 836 F.2d at 1302. The fee applicant bears the burden of establishing entitlement to the award and documenting the appropriate hours and hourly rates. *ACLU v. Barnes*, 168 F.3d 423 (11th Cir. 1999). In addition, the district court is "empowered to exercise discretion in determining whether an award is to be made and if so its reasonableness." *Cullens v. Georgia Dept. of Transp.*, 29 F.3d 1489, 1492-93 (11th Cir. 1994).

#### 1. Reasonable Hourly Rate

2

The first step in calculating the lodestar amount involves determining the reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services, by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. *Id.* Satisfactory evidence is at a minimum more than the affidavit of the attorney performing the work and can involve direct evidence of charges by lawyers under similar circumstances or opinion evidence. *Id.*

In the case at bar, Plaintiff has requested that the attorney's fee amount be calculated at an hourly rate of $300, claiming that the prevailing rate in the Southern District of Florida for counsel who handle FLSA cases range from $225.00 to $350.00 per hour. [DE #11 at 4]. In his affidavit, attorney Marban cites to prior rate adjudications for similar claims that employed rates of $275 or $300 an hour and also submits the affidavit of Leslie L. Florez, Esq., attesting that the pay rate requested is reasonable [DE #12 at Exhibit C]. The Court notes, however, that the affidavit of Leslie L. Florez concerns another case, that of Rafael Ibarra v. Adeco American Corp., case no. 03-22694 [DE #12 at Exhibit C].

In determining the fee award and the rate to employ, the court is "itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303; *see also Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). Based on the court's own experience,

3

and given that Plaintiff has failed to provide satisfactory evidence that the requested rate is in line with prevailing market rates, the Court concludes that the reasonable hourly rate to be used is the minimum within the range provided by the Plaintiff, or $225.

### 2. Reasonable Number of Hours Expended on Litigation

Plaintiff seeks reimbursement for 9.75 hours expended by attorney Eddy O. Marban. As noted above, the district court must determine whether the hours expended are reasonable. Again, a fee applicant bears the burden of documenting the appropriate hours expended so that the court may properly assess the time claimed for each activity. See Henley, 461 U.S. at 433; Norman, 836 F.2d at 1301. Excessive, redundant or otherwise unnecessary hours should not be included in the calculation See Barnes, 168 F.3d at 427.

In the instant case, Plaintiff has filed the Affidavit of Attorney's Fees and Costs [DE #12], which details and explains the hours billed in litigating this action. After reviewing each and every time entry, the Court finds the hours expended by attorney Marban to be reasonable, except as one to one time entry. The Court determines that the allotment of 1.5 hours for the month of May associated with "anticipated time to conclude case before post-judgment proceedings" [DE #12 at 2] should be excluded as unnecessary and unreasonable. The Court will only tax for hours actually expended on the litigation, finding the inclusion of anticipated hours to be speculative. As such, the 1.5 hours designated as anticipated time for the month of May 2004 will not be reimbursed, bringing the total hours down to 8.25.

4

### 3. Lodestar Amount

Multiplying the reasonable hourly rate by the reasonable hours expended, results in a lodestar amount of $1856.25.

| Attorney | Hours | Hourly Rate | Fees |
|---|---|---|---|
| Marban | 8.25 | $225.00 | $1856.25 |

### III. COSTS

In addition to attorney's fees, Plaintiff seeks to recover a total of $200.00 in costs. As quoted above, § 216(b) allows for reasonable attorney's fees and costs in addition to any judgment awarded. 29 U.S.C. § 216(b). The determination of what costs are recoverable is specifically delineated by 28 U.S.C. § 1920.[1]

As the Court will enter Default Final Judgment pursuant to this Order and award Plaintiff $2134.75 in compensatory damages, Plaintiff is entitled to recover litigation costs. Plaintiff requests reimbursement of $150.00 for the filing fee and $50.00 for service of process. These costs fall within the realm of recoverable costs pursuant to 28 U.S.C. § 1920. In addition, this Circuit has previously included service of process and filing fees in calculating costs. *Mallory v. Harkness*, 923 F. Supp. 1557 (S.D. Fla. 1996), *aff'd* 109 F.3d 771 (11th Cir. 1997). Consequently, the Court concludes that Plaintiff shall recover a total of $200.00 in costs.

---

[1] Section 1920 permits an award of the following costs to the prevailing party: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services. 28 U.S.C § 1920.

5

## III. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

1. Motion For Default Final Judgment [DE #10] is hereby **GRANTED**. Plaintiff shall recover $2134.75 in compensatory damages;

2. Plaintiff's Verified Motion For Award of Attorney's Fees and Reasonable Costs of Litigation With Incorporated Memorandum of Law [DE #11] is hereby **GRANTED IN PART**. Plaintiff's are awarded a total amount of $2056.25 for attorney's fees and costs, which includes attorney's fees in the amount of $1856.25 and costs in the amount of $200.00;

3. This action is hereby **DISMISSED**;

4. Any other pending motions are hereby denied as **MOOT**;

5. The Clerk of the Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on this 28TH day of April, 2004.

_____
JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Magistrate Judge Lurana S. Snow
Edilberto O. Marban, Esq.

6