UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case Number: 03-22459-CIV-LENARD-KLEIN

MINDY HUANG,

    Plaintiff,

vs.

RACETRAC PETROLEUM, INC., a foreign corporation,

    Defendant.

_____/



## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES AND REASONABLE COSTS OF LITIGATION

THIS CAUSE came before the Court upon Plaintiff's Verified Motion for Award of Attorney's Fees and Reasonable Costs of Litigation (**D.E. No. 72**) filed on April 15, 2005; Defendant RaceTrac Petroleum, Inc. Response in Opposition to Plaintiff's Motion for Award of Attorney's Fees and Costs (**D.E. No. 78**) filed on May 11, 2005; Plaintiff's Reply to Defendant's Response (**D.E. No. 79**), filed on May 11, 2005; Plaintiff Motion to Strike her Reply (**D.E. No. 80**) filed on May 13, 2005.[1] For the reasons stated below, Plaintiff Huang's Motion for Award of Attorney's Fees and Reasonable Costs is **GRANTED IN PART and DENIED IN PART**.

### BACKGROUND

On September 18, 2003, Plaintiff, Mindy Huang, filed a complaint in which she sought to recover unpaid overtime wages from Defendant, Racetrac Petroleum, Inc., pursuant to 29 U.S.C.

---

[1] In accordance with 28 U.S.C. § 636(c) and the Magistrate Rules of the Local Rules of the Southern District of Florida, this matter comes to the undersigned Magistrate Judge for disposition upon the consent of the parties. (**D.E. No. 73**).

§216(b) of the Fair Labor Standards Act ("FLSA"). At trial, Plaintiff first testified that she was owed $15,399 in overtime wages, but later, she reduced this amount to $9,982.32. The jury rejected both amounts, returning a verdict for the Plaintiff in the amount of $5,196.96. The District Court entered Final Judgment for Plaintiff in the amount of $5,196.96 that same day. On April 15, 2005, Plaintiff filed this Verified Motion for Award of Attorney's Fees and Reasonable Costs of Litigation.

## ANALYSIS

### 1. ENITITLEMENT

The FLSA authorizes an award of attorney's fees and costs to a prevailing Plaintiff in any action to enforce 29 U.S.C. § 207 regulating overtime violations of the FLSA. Under 29 U.S.C. § 216(b), "The court...shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

As the prevailing party in this FLSA action, Plaintiff seeks an award of attorney's fees in the amount of $64,477.50; claiming her counsel spent a total of 198.3 hours on this litigation at an hourly rate of $325.00, and that some other unnamed individual in the law firm expended .30 hours on this case at an hourly rate of $100.00. Plaintiff also seeks to recover $2,576.30 in costs, for a total award of $67,053.80.

Defendant does not challenge Plaintiff's entitlement to an award of attorney's fees and costs nor the number of hours expended by Plaintiff's counsel in this litigation. The sole dispute relates to Plaintiff's counsel's hourly rate, which Defendant claims should be set at $225 per hour, rather than the $325 per hour rate proposed by Plaintiff.

2. AMOUNT OF ATTORNEY'S FEES

The Court determines the value of an attorney's services by multiplying the hours reasonably expended on the litigation, by a reasonable hourly rate, to determine the "lodestar." Hensley v. Eckerhart, 103 S.Ct. 1933, 1939 (1983); Norman v. Housing Authority of City of Montogomery, 836 F.2d 1292, 1299 (11th Cir. 1988); Blum v. Stenton, 104 S.Ct. 1541, 1544 (1984). The party seeking attorney's fees must provide satisfactory evidence that establishes the hours expended are reasonable and the rate falls within the prevailing market rate. Norman, 836 F.2d 1292 at 1303; Blum, 104 S.Ct. 1541 at 1546 (the Supreme Court held that a reasonable hourly rate is to be measured by "prevailing market rates in the relevant community"); Missouri v. Jenkins, 109 S.Ct. 2463, 2470 (1989). The court uses several factors derived from Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), as a basis to determine the appropriate award of attorney's fees. Cullens v. Georgia Dept. Of Transportation, 29 F.3d 1489, 1494 (11th Cir. 1994). In addition, the court may consider its own knowledge and experience regarding what constitutes a reasonable and appropriate attorney's fee award. Norman, 838 F.2d 1292 at 1303.

The Plaintiff submits that the prevailing rate in the Southern District of Florida for counsel handling FLSA cases ranges from $225 to $350 per hour, and asks the Court to set an hourly rate of $325 per hour for the services of her attorney, Eddy O. Marban. See Plaintiff's Verified Motion for Award of Attorney's Fees and Reasonable Costs of Litigation ("Mot.") at 4-5. Plaintiff supports this request by noting that Mr. Marban is a sole practitioner who has practiced law for 20 years, specializing in labor and employment law litigation. Id. at 4. Plaintiff also submits the affidavit of Daniel R. Levine, Esq., a licensed attorney specializing in the area of

3

labor and employment law, who attests that the Plaintiff's request of an hourly rate of $325 is reasonable. Id., Ex. C. Plaintiff claims that courts in this district have regularly awarded Plaintiff's counsel $300 per hour and in one recent FLSA case, counsel was awarded $350 per hour. Id., Ex. B at 5-7. However, as the Defendant points out, one court in this district awarded counsel only $225 per hour, in Lavin v. First Trucking USA, Inc., et al, Case No. 03-22692-CIV-COHN/SNOW. See Defendant's Response in Opposition to Plaintiff's Verified Motion for Award of Attorney's Fees and Costs ("Opp'n") at Ex. A.

The Defendant maintains that Plaintiff's case was a simple one count complaint for unpaid overtime, lacking complexity, and that the entire case rested on the credibility of the witnesses. Under Johnson, the "time and labor required," "the novelty and difficulty of the questions," and "the skill requisite to perform the legal services properly" are relevant factors for the Court to consider. Hensley, 103 S.Ct. at 1938.

In addition, the final jury verdict of $5,196.96 was significantly lower than the $15,399 amount to which the Plaintiff originally claimed entitlement. "Where the Plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." Hensley, 103 S.Ct. at 1943; Cullens, 29 F.3d at 1491; Norman, 836 F.2d at 1302.

Considering all of the relevant factors, as well as this Court's knowledge of the hourly rates commonly charged by attorneys handling FLSA cases in the Southern District of Florida, the Court finds that an hourly rate of $275, rather than $325, is reasonable for the services rendered to Plaintiff in this particular case.

The reasonable hourly rate of $275, multiplied by 198.3, the number of hours expended by Plaintiff's counsel (a figure which Defendant does not contest), equals $54,532.50. When this figure is added to the additional uncontested fee amount of $30.00, the total award for attorney's fees comes to $54,562.50.

### 3. AMOUNT OF COSTS

The Plaintiff seeks to recover $2,576.30 in costs. As discussed earlier, the FLSA authorizes an award of costs to the prevailing party. 29 U.S.C. §216(b). "Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs." Federal Rule of Civil Procedure 54(d). Recoverable costs in federal courts are mandated by statute. 28 U.S.C. § 1920; 28 U.S.C. § 1821. Section 1920 defines the term "costs" as used in Rule 54(d) and specifies expenses that a federal court may tax as costs under the discretionary authority found in Rule 54 (d). Crawford Fitting Co. v. J.T. Gibbons, Inc., 107 S.Ct. 2494, 2499 (1987); EEOC v. W & O, Inc., 213 F.3d 600, 620 (11th Cir. 2000).

The Defendant does not dispute the Plaintiff's entitlement to costs as a prevailing party, but does challenge certain requested items. Specifically, the Defendant challenges the Plaintiff's request for mediation costs, messenger and parking costs, and trial blowups.

According to 28 U.S.C. §1920, taxable costs include:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

5

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Plaintiff may only recover costs for items included in this list, or costs related to the appearance of witnesses, which are governed by 29 U.S.C. §1821.

The Court finds that some, though not all, of Plaintiff's requested costs are reasonable and recoverable under 29 U.S.C. §1920 and 29 U.S.C. §1821. Among the Plaintiff's list of requested costs, the Plaintiff asks for $375.00 in mediation costs, $97.00 in messenger service costs, and $272.85 for three trial blowups. See "Mot." at 10-11. The recovery of these costs are denied since they are not taxable costs with statutory authorization under §1920. Jensen v. Lawler, 338 F. Supp.2d 739, 747 (S.D. Tex. 2004)(mediation costs are not mentioned in, nor embraced by, any provision of 28 U.S.C. §1920); Avirgan v. Hall, 705 F. Supp. 1544, 1546 (S.D. Fla. 1989)(the statutory provision does not provide for the taxation of messenger service, postage, parking...); United States Equal Employment Opportunity v. W & O, Inc., 213 F.3d 600, 622 (11th Cir. 2000)(a court may only tax costs as authorized by statute).

Therefore, the Plaintiff shall recover $1831.45 in costs, which is the Plaintiff's requested amount of $2,576.30 reduced by the above denied costs of $744.85, pursuant to 28 U.S.C. §1920. It is hereby

**ORDERED AND ADJUDGED** that

1) Plaintiff's Verified Motion for Award of Attorney's Fees and Reasonable Costs of Litigation (**D.E. No. 72**) is **GRANTED IN PART and DENIED IN PART** in the amount of $56,393.95, and that Defendant pay Eddy O. Marban $54,562.50 in attorney's fees and $1,831.45

in costs.

2) Plaintiff's Motion to Strike Her Reply (**D.E. No. 80**) is **GRANTED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 20 day of June, 2005.

_____
THEODORE KLEIN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
District Judge Joan A. Lenard
All Counsel of Record